UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOSEPH JIANNETTO,

                 Plaintiff,

    -against-                           REPORT AND RECOMMENDATION

WASHINGTON MUTUAL BANK,           04-CV-4205 (ARR) (RER)

                 Defendant.
------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

       Plaintiff Joseph Jiannetto brought this action against defendant Washington Mutual Bank ("WaMu") alleging that he was denied certain retirement benefits in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Defendant has moved for summary judgment, alleging that plaintiff does not have standing to maintain an action under ERISA, and that in any event the plan administrator's decision to deny plaintiff benefits was not arbitrary and capricious. The Honorable Allyne R. Ross has referred this matter to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(3). For the reasons set forth below, I respectfully recommend that defendant's motion be granted and plaintiff's complaint be dismissed in its entirety.

Background

       Plaintiff was employed by Dime Savings Bank ("Dime") for over thirty years until he retired on or about October 24, 1994. Defendant's Local Rule 56.1 Statement of Undisputed Material Facts ¶ 6 ("Def.'s 56.1 Stmt"); Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts ¶ 6 ("Pl.'s 56.1 Stmt"). At the time of his retirement, plaintiff elected to participate in the Dime Retiree Medical Plan ("Dime Plan"). *Id.* ¶ 7. Pursuant to the Dime Plan,

Dime employees who waived medical coverage would not be permitted to re-enter the Dime Plan unless they experienced a "life event." *Id.* ¶ 11. A life event is defined as "marriage, divorce, birth/adoption of a child, death of a dependent, or the loss or gain of coverage due to a change in your spouse's employment status." *Id.* ¶ 12.

According to plaintiff, in or about November 2000, he contacted an individual in the Dime Human Resources Department about the terms of re-enrollment. Def.'s 56.1 Stmt ¶ 18; Pl.'s 56.1 Stmt ¶ 18; Plaintiff's Deposition at 93-4 ("Pl. Depo."). Plaintiff alleges that he was told that a life event would have to occur in order for him to be eligible for re-enrollment. *Id.* Plaintiff does not know the name of the individual he spoke to. Def.'s 56.1 Stmt ¶ 19; Pl.'s 56.1 Stmt ¶ 19; Pl. Depo. at 94. In November 2000, plaintiff withdrew from the Dime Plan for the calendar year 2001 by waiving his medical coverage on the annual enrollment form Dime provided to its retirees. Def.'s 56.1 Stmt ¶ 16; Pl.'s 56.1 Stmt ¶ 16; Pl.'s Depo. at 61-2. In that same year, plaintiff and his wife enrolled in the health plan offered by his wife's employer, Richmond County Savings Bank ("RCSB"). Def.'s 56.1 Stmt ¶ 14; Pl.'s 56.1 Stmt ¶ 14.

Dime merged with and into WaMu on or about January 4, 2002. Def.'s 56.1 Stmt ¶ 22; Pl. Depo. at 144. As a result of the merger, the Dime Plan was terminated effective March 31, 2002. Def.'s 56.1 Stmt ¶ 24; Pl.'s 56.1 Stmt ¶ 24. Dime retirees who were participants in the Dime Plan as of the termination date were notified that they and their respective plans would be transitioned into the Washington Mutual Retiree Medical Plan ("WaMu Plan"). Def.'s 56.1 Stmt ¶ 25; Pl. Depo. at 105-06. Individuals who were not participants in the Dime Plan as of the termination date were not notified of the termination of the Dime Plan or the transition into the WaMu Plan. Def.'s 56.1 Stmt ¶ 26.

In June 2002, plaintiff contacted WaMu to inquire about reinstatement into the Dime Plan because his wife became ill. Def.'s 56.1 Stmt ¶¶ 29, 30; Pl.'s 56.1 Stmt ¶¶ 29, 30; Affidavit of Joseph Jiannetto ¶¶ 10-11 ("Jiannetto Aff."). Plaintiff sent a letter to WaMu on or about February 15, 2003 requesting re-enrollment in the Dime Plan. Def.'s 56.1 Stmt ¶ 31; Pl.'s 56.1 Stmt ¶ 31. WaMu responded by letter dated May 30, 2003 stating that the WaMu Plan does not permit participants to re-enroll after they have declined coverage initially or anytime thereafter. *Id.* ¶ 33.

Plaintiff appealed the denial to the WaMu Plan's Appeals Committee[1] by letter dated July 28, 2003. Def.'s 56.1 Stmt ¶¶ 34; Pl.'s 56.1 Stmt ¶¶ 34. The Appeals Committee analyzed plaintiff's claims under the more favorable provisions of the Dime Plan although it no longer existed at the time of the appeal. *Id.* ¶ 40. The pertinent provision provided:

> Note: There is only one situation that will permit you to elect medical coverage in the future if you waive it when you first become eligible. That situation is a '*life event*'- i.e., marriage, divorce, death of your spouse, etc. that causes you to lose the medical coverage that you have. If you do not have a 'life event,' and you fail to elect coverage when you first become eligible, you won't be able to elect it in the future.

*Id.* ¶41. Relying on that provision, the Appeals Committee determined that:

> The Plan provisions are clear–if a retiree refuses coverage at retirement, or elected coverage at retirement and subsequently dropped coverage, he would not be eligible to enroll in the Plan. The sole exception to this rule is that a retiree who initially refused coverage (at retirement) experienced a 'qualifying life event' he would be eligible to re-enroll. In your case, you elected coverage and subsequently dropped that coverage. As a result, the 'qualifying life event' exception , would not apply to you.

---

[1] Under the WaMu Plan, an Appeals Committee was created to act as the designated ERISA fiduciary with respect to claims and appeals. Def.'s 56.1 Stmt ¶ 37. The Appeals Committee was granted discretionary authority to interpret the terms of the plan and make binding and conclusive benefit determinations. *Id.* ¶ 38.

*Id.* ¶ 42. Thus, in a letter dated January 8, 2004, the ommittee denied plaintiff's appeal. *Id.* Plaintiff continued to appeal the denial and was informed by WaMu in March 2004 that he had exhausted his administrative remedies. *Id.* ¶¶ 43, 44. From the end of calendar year 2000 to the present, plaintiff and his wife have had coverage under the RCSB health plan. *Id.* ¶ 15.

Plaintiff filed the complaint on September 28, 2004, alleging that he was denied benefits under the Dime Plan in violation of ERISA. Docket Entry 1. Defendant filed its motion for summary judgment on October 30, 2006, alleging that plaintiff lacks standing to sue under ERISA and, in any event, the Appeals Committee's decision to deny benefits was not arbitrary and capricious. Docket Entry 18.

Discussion

A. <u>Summary Judgment Standard</u>

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Am. Int'l Group, Inc. v. London Am. Int'l Corp.*, 664 F.2d 348, 351 (2d Cir. 1981). In addition, the court must resolve all ambiguities and draw all reasonable inferences in favor of the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If, however, the opposing party fails to make a showing of an essential element of its case for which it bears the burden of proof, summary judgment will be granted. *Celotex*, 477 U.S. 323; *Smith v. Half Hollow Hill Cent. Sch. Dist.*, 349 F. Supp. 2d 521, 524 (E.D.N.Y 2004).

To overcome a motion for summary judgment, the opposing party must show that there is an issue of material fact that is in dispute. That is, the disputed fact must be one which "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 242. If the opposing party does not set forth specific facts showing that there is a genuine issue for trial, summary judgment is appropriate. FED. R. CIV. P. 56(c).

B. ERISA

ERISA provides for a civil cause of action by a participant or beneficiary to recover benefits due to him under the term of the plan. 29 U.S.C. § 1132(a)(1)(B). It also provides for a civil cause of action by a participant, beneficiary or fiduciary to obtain equitable relief for violations of ERISA or the terms of the plan. *Id.* § 1132(a)(3). Plaintiff asserts that he was denied benefits due to him under the Dime Plan which was subsequently transitioned into the WaMu Plan. Compl. ¶ 1, 17, 21. It appears, therefore, that plaintiff is suing as a participant.[2]

In order to have standing as a participant under ERISA, plaintiff must be either (1) a current employee, or (2) a former employee who has either (a) "a reasonable expectation of returning to covered employment," or (b) "a 'colorable claim' to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (quoting *Saladino v. I.L.G.W.U. Nat'l Retirement Fund*, 754 F.2d 473, 476 (2d Cir. 1985)); *see also* 29 U.S.C. § 1002(7) (participant is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan . . . .").

---

[2] Although plaintiff alleges a violation of ERISA, he does not allege which section he is suing under. Compl. ¶ 1. Defendant has pointed out that plaintiff must be suing under either section 1132(a)(1)(B) or 1132(a)(3). Defendant's Memorandum of Law at 8-9 ("Def. Memo.").

The decision of an administrator who is vested with discretion to determine eligibility for plan benefits, such as the Appeals Committee, is reviewed under an arbitrary and capricious standard. *See Jiras v. Pension Plan of Make-Up Artist & Hairstylists Local 798*, 170 F.3d 162, 166 (2d Cir. 1999) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Thus, an administrator's decision will be overturned only if it was "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Burke v. Kodak Retirement Income Plan*, 336 F.3d 103, 110 (2d Cir. 2003) (citing *Celardo v. GNY Auto. Dealers Health & Welfare Trust,* 318 F.3d 142, 146 (2d Cir.2003)); *see also Pagan v. NYNEX Pension Plan*, 52 F.3d 438, 441 (2d Cir. 1995).

C.  Analysis

It is clear that summary judgment is appropriate as plaintiff has failed to meet his burden of demonstrating that there are any genuine issues of material fact in dispute.

1.  Plaintiff Lacks Standing Under ERISA

Defendant contends that plaintiff lacks standing to sue under ERISA because he is neither a current employee nor a former employee with a reasonable expectation of benefits. In his memorandum of law, plaintiff states that it would be unfair to deny him judicial review. Plaintiff's Memorandum of Law at 4-5 ("Pl. Memo."). He further states that once WaMu took over Dime's operations it "stepped in the shoes of that entity" and cannot deprive plaintiff of the standing he would have had if the companies had not merged. *Id.* at 5. Plaintiff, however, has failed to provide any legal support for his contention. Defendant, on the other hand, has cited to a case directly on point in which a similarly situated plaintiff was held to lack standing. In *Caltagirone v. New York Community Bancorp*, 414 F. Supp. 2d 188 (E.D.N.Y. 2006), a plaintiff

6

claimed he was wrongfully denied benefits by his former employer's successor. The Court held that plaintiff, who had been terminated one day prior to the merger, lacked standing to sue under ERISA because he was not a current employee or a former employee of defendant. *Caltagirone*, 414 F. Supp. 2d at 192.

In the instant case, it is undisputed that plaintiff, who retired from Dime in 1994, is not a current employee. *See* Def.'s 56.1 Stmt ¶ 9; Pl.'s 56.1 Stmt ¶ 9.[3] It is also undisputed that plaintiff was never employed by WaMu and therefore, is not a former employee. *Id.* ¶¶ 9, 22. As such, plaintiff cannot be considered a participant within the meaning of ERISA and thus, lacks standing. *See* 29 U.S.C. § § 1002(7); *see also Simon v. General Electric Co.*, 263 F.3d 176, 177 (2001) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27 (1983)) (only plaintiffs who fit within the enumerated categories in ERISA have standing to sue); *Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 14 (2d Cir. 1991) ("[I]n the absence of some indication of legislative intent to grant additional parties standing to sue, the list in § 502 should be viewed as exclusive.").

Even were plaintiff to be considered a former employee he cannot establish that he has a reasonable expectation of returning to covered employment or a colorable claim to vested benefits. As defendant points out, plaintiff does not seek reinstatement of employment as relief in this action. Def.'s Memo. at 11; *see also Dickerson v. Feldman*, 426 F. Supp. 2d 130, 136 (plaintiff denied standing where he did not seek reinstatement of employment); *Mitchell v. Mobil*

---

[3] In his Rule 56.1 Statement, plaintiff does not controvert any of the undisputed material facts set forth by defendant. In fact, plaintiff only states that he disputes the validity of the Appeals Committee's decision and disagrees with defendant's statement that summary judgment is appropriate. Pl.'s 56.1 Stmt ¶¶ 40, 41, 47.

*Oil Corp.*, 896 F.2d 463, 474 (10th Cir. 1990) (same). Moreover, plaintiff does not have a colorable claim to vested benefits as he was never a participant in the WaMu Plan, and he also expressly withdrew from the Dime Plan in November 2000, after he had retired. *See Dickerson*, 426 F. Supp. 2d at 136 (court held that plaintiff who took final distribution of benefits under plan held did not have colorable claim to vested benefits); *Caltagirone*, 414 F. Supp. 2d at 192 (plaintiff who was never employed by defendant could not be characterized as former employee with a claim for benefits).

2. The Appeals Committee's Decision Was Not Arbitrary and Capricious

Defendant further argues that even if this Court finds that plaintiff has standing, it is entitled to summary judgment because there is no genuine dispute that the Appeals Committee's decision to deny plaintiff benefits was neither arbitrary nor capricious. The Court agrees.

An administrator's decision is arbitrary and capricious "if it is without reason, unsupported by substantial evidence, or erroneous as a matter of law." *Burke*, 336 F.3d at 110.. Moreover, "[w]here both the plan administrator and a spurned claimant offer rational, though conflicting, interpretations of plan provisions, the [administrator's] interpretation must be allowed to control." *Pulvers v. First UNUM Life Ins. Co.*, 210 F.3d 89, 92-92 (2d Cir. 2000). Here, the Plan provisions are clear, only an employee who initially waives coverage upon becoming eligible will be permitted to re-enter the Plan, and then only if a "life event" occurs. Def.'s 56.1 Stmt ¶ 41; Pl.'s 56.1 Stmt ¶ 41. There is no dispute that plaintiff does not fall within that narrow category of employee. He did not initially waive coverage upon becoming eligible,

8

and he did not experience a "life event."[4] The Appeals Committee's decision to deny coverage to an employee who elected coverage upon retirement, and then subsequently waived it, is therefore not without reason or erroneous as a matter of law. Notably, plaintiff has failed to cite to a single case in which another court has held that a similar decision by a plan administrator, in a similar factual setting, was arbitrary and capricious.

In opposition, plaintiff contends that there is a lack of substantial evidence to support the Appeals Committee's decision. Pl. Memo. at 6. Plaintiff does not, however, explain with even minimal specificity why that is so. Rather, plaintiff simply argues that:

> One can plainly see in this case that there is a lack of substantial evidence to support a denial of benefits. Therefore even under the more strict standard of arbitrary and capricious and case law the determination of the defendants should be overturned.

Pl's Mem.at 6. Such a bald, conclusory allegation is patently insufficient to defeat a well-supported motion for summary judgment. *See, e.g, Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 222 (2d Cir. 2006)("the opposing party may not rest upon mere conclusory allegations or denials."); *Fisher v. J.P. Morgan Chase & Co.*, No. 03 Civ. 3252, 2006 WL 2819606, at *3 (S.D.N.Y. Sept. 29, 2006) (party opposing summary judgment "may not rely on mere conclusory allegations or speculation, but instead must offer some hard evidence" in support of its factual assertions) (citing *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir.1998)); *Medoy v. Warnaco Employees' Long Term Disability Ins. Plan*, 2005 WL 3775953, at *3, 97-CV-6612 (E.D.N.Y. Dec. 24, 2005) ("[t]he non-movant cannot 'escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material

---

[4] In rejecting his appeal, the Appeals Committee did not rely on the fact that plaintiff did not experience a life event.

facts.'"). Rather, the party must controvert each material fact by his adversary with "citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." Local Civil Rule 56.1(d). Here, plaintiff offers nothing but unsupported, conclusory statements in opposition to defendant's well-pleaded motion for summary judgment, and therefore his opposition cannot defeat defendant's motion.

      3.    <u>Plaintiff's Breach of Fiduciary Duty Claim Must Fail</u>

In a letter to the Court dated February 9, 2006, plaintiff appears to raise a breach of fiduciary claim for the first time. Docket Entry 13. Plaintiff asserts that defendant had a duty to inform plaintiff that he would not be permitted to re-enroll once he waived medical coverage under the Dime Plan. Claims not asserted in the complaint, however, are not properly before this Court. *See* Fed. R. Civ. P. 10(b) ("All averments of claim or defense shall be made in numbered paragraphs . . . ."). Indeed, "[a] party cannot assert a new theory of his case in defending a summary judgment motion." *Katoch v. Mediq/PRN Life Support Servs, Inc.*, No. 04-CV-938, 2006 WL 516843, at *10 (E.D.Mo. Mar. 2, 2006). Moreover, there is no indication that plaintiff attempted to amend his complaint to include a breach of fiduciary claim, or that it is otherwise supported by the record.[5]

---

[5] Even were this Court to treat plaintiff's 2/9/06 letter to the Court as a formal motion to amend the complaint it would be denied. Leave to amend is to be freely granted except where adding claims would be futile. *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 317 U.S. 178, 182 (1962). As discussed above, plaintiff lacks standing to bring a suit under ERISA. Therefore, amending the complaint to add a breach of fiduciary claim under ERISA would not change plaintiff's lack of standing which bars him from bringing this action in the first instance. In any event, plaintiff's breach of fiduciary claim is improper because section 1132(a)(3) provides for equitable relief only and plaintiff seeks money damages. 29 U.S.C. § 1132(a)(3); *see also Silverman v. Mutual Benefit Life Ins. Co.*, 941 F. Supp. 1327, 1333 (E.D.N.Y. 1996) (citing *Mertens v. Hewitt Associates*, 508 U.S. 248, 256-58 (1993)); *Del Greco v. CVS Corp.*, 337 F. Supp. 2d 475, 489 (S.D.N.Y. 2004) ("Compensatory damages, even if they resulted from a

CONCLUSION

Plaintiff has failed to meet his burden of coming forth with facts sufficient to demonstrate that there are any genuine issues of material fact in dispute, and therefore summary judgment is appropriate. Accordingly, I respectfully recommend that defendant's motion for summary judgment be granted and plaintiff's complaint be dismissed in its entirety. Any objections to this Report and Recommendation must be filed with the Clerk of the Court and the Honorable Allyne R. Ross within ten business days of receiving this Report and Recommendation - **by January 10, 2007.** Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

Dated: Brooklyn, New York
       December 26, 2006

/s/
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

breach of fiduciary duty, are not recoverable as equitable relief under § 1132(a)(3).") (internal quotations omitted).